IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 32563-6-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| PERRY ANTHONY ZUVELA, | ) | |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, C.J. — Perry Anthony Zuvela appeals the superior court's order revoking his Special Sex Offender Sentencing Alternative (SSOSA). He argues the court failed to exercise its discretion in ordering revocation. We conclude that the trial court had a tenable basis for revocation and affirm.

FACTS

On February 20, 2009, Mr. Zuvela pleaded guilty to seven counts of third degree child molestation and one count of attempted first degree child molestation for having sexual contact with his three minor children. Clerk's Papers (CP) at 12. Mr. Zuvela sought a SSOSA under RCW 9.94A.670, which allows a sentencing court to suspend the

sentence of a first time sexual offender if the offender is shown to be amenable to treatment. To determine Mr. Zuvela's amenability to treatment, Dr. Mark Cross conducted a SSOSA psychosocial evaluation. He concluded that Mr. Zuvela was a moderately low risk for sexual recidivism, but cautioned that his history of substance abuse could increase his risk level.

The trial court judge had reservations about giving Mr. Zuvela a SSOSA based on Mr. Zuvela's minimization of his crimes and failure to disclose certain facts until he took a polygraph test. The judge also expressed concern about Mr. Zuvela's substance abuse, stating, "the things that got yourself sideways in was directly related to your addiction. You continued to make very poor choices to supply your habit . . . you're going to have to figure out a way to stay sober, Mr. Zuvela, and you haven't figured that out up to this point in your life." Report of Proceedings (RP) at 56. She also warned him that the SSOSA was an "all or nothing deal" and that it would not be sufficient to merely complete sex offender treatment. RP at 56. Ultimately, she granted the SSOSA, stating, "I think it will prove itself out very quickly." *Id.*

Based on numerous prior felonies, Mr. Zuvela's offender score was more than 9 points for each crime. CP at 26. The trial court sentenced him to 120 months of confinement on the attempted first degree molestation conviction and 60 months on each

2

of the other counts, but suspended imposition of this sentence under the SSOSA. His

sentence conditions included that he "maintain law abiding behavior and commit no new

crimes," and "not unlawfully possess or consume any controlled substances except

pursuant to a lawfully issued prescription." CP at 28.

On January 21, 2010, the State filed a petition to revoke the SSOSA, alleging Mr.

Zuvela had failed to maintain law abiding behavior by shoplifting and carrying an illegal

switchblade knife. CP at 41. Mr. Zuvela stipulated to the violations at the hearing. Dr.

Cross, who was now Mr. Zuvela's treatment provider, sent a letter to Mr. Zuvela's

community corrections officer, Gerry Mungia, recommending revocation of the SSOSA:

> Mr. Zuvela has a lengthy history of antisocial, criminal behavior and he
> appears unwilling to change the behavior pattern. Mr. Zuvela is presenting
> increased risk to the community. He is not considered to be safe in the
> community, is not amenable to sexual offender treatment. Mr. Zuvela's
> SSOSA treatment is terminated and . . . a revocation . . . is recommended.

RP at 90.

The court gave Mr. Zuvela another chance, but warned him that this was the last

chance.

In August 2013, the State filed another revocation petition based on Mr. Zuvela's

alleged use of methamphetamine. The petition was amended on September 4, 2013, to

include two more violations regarding methamphetamine use. Mr. Zuvela again

3

stipulated to the violations. The court allowed him to stay on the SSOSA and ordered him to complete inpatient treatment.

The State filed a third revocation petition on December 5, 2014, based on Mr. Zuvela's failure to report a change of address, attend treatment, and maintain law-abiding behavior. CP at 71. At the March 7, 2014 hearing, Mr. Mungia recommended revocation based on Mr. Zuvela's drug use and failure to attend sex offender treatment. Dr. Cross testified that Mr. Zuvela was no longer amenable to treatment based on his continued drug use and avoidance of participation. Dr. Cross explained that drug use, particularly methamphetamine use, "causes people to become more hypersexual, more sexually preoccupied, more likely to involve in compulsive behaviors, doing things repeatedly despite whatever else is going on." RP at 160.

The trial court found that Mr. Zuvela committed the violations, but deferred a decision until May 9 to give Mr. Zuvela the opportunity to participate in intensive outpatient sex offender treatment. The court released him from custody with the warning: "[t]he bottom line is this; . . . if you screw up between now and 9th of May, if you get a dirty UA, if you miss a treatment session, . . . if you screw up in any regard, okay, regardless of how minor or—I'm going to revoke your SSOSA." RP at 181.

4

On April 11, 2014, the State filed its fourth revocation petition, alleging that Mr. Zuvela had recently used methamphetamine. CP at 74-75. At the hearing, Mr. Mungia testified that Mr. Zuvela had a positive urinalysis and had admitted to using methamphetamine. Mr. Mungia again recommended revocation of the SSOSA based on Mr. Zuvela's continuing pattern of drug use. The trial court revoked the SSOSA, observing:

> We don't have sex crime related offenses.
> But we still have this kind of chronic abuse of controlled substances, which I think is really something that's driven Mr. Zuvela's life for his whole life.
> . . . I appreciate the request for one last—for one more chance. I think I succumbed to that request the last time this matter was before me.

RP at 198-99.

## ANALYSIS

Mr. Zuvela argues that the trial court failed to exercise its discretion and relied on untenable grounds in revoking his SSOSA. We review a trial court's decision to revoke a SSOSA for an abuse of discretion. *State v. McCormick*, 166 Wn.2d 689, 705-06, 213 P.3d 32 (2009). A trial court abuses its discretion if its decision is "'manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons.'" *McCormick*, 166 Wn.2d at 706 (quoting *State ex. rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971)).

5

RCW 9.94A.670(11) provides that a court may revoke a SSOSA at any time during the period of community custody if (1) the offender violates the conditions of the suspended sentence, or (2) the court finds that the offender is failing to make satisfactory progress in treatment. When a SSOSA sentence is revoked, the original sentence is reinstated. *State v. Miller*, 159 Wn. App. 911, 918, 247 P.3d 457 (2011).

Mr. Zuvela contends the court's statement at the third revocation hearing that "if you screw up, May 9th you're going to prison" constitutes an improper categorical prejudging of any future violation. *See* RP at 181. He argues that by stating it intended to revoke for any violation, no matter how minor, the court effectively failed to exercise any discretion at all. He also argues that the court's decision to revoke the SSOSA was manifestly unreasonable because Mr. Zuvela was not committing violations of a sexual nature.

Mr. Zuvela's arguments are not persuasive. As the State points out, the trial court's exercise of discretion is adequately demonstrated by the numerous second chances it afforded Mr. Zuvela. At the first revocation hearing, the court cautiously maintained Mr. Zuvela's SSOSA over the objection of Dr. Cross and Mr. Mungia, stating, "I'm even questioning my own sanity at this particular point, because Mr. Zuvela, if I were a betting person and I was looking at your record and knowing your history as I do, I don't think

6

I'd be putting a lot of money on the bet right now." RP at 109. The court continued to deny the State's motions to revoke the SSOSA, opting to work with Mr. Zuvela. Finally, at the third revocation hearing, after Dr. Cross advised the court that Mr. Zuvela's continued drug use impeded his sex offender treatment, the court advised Mr. Zuvela that this was his last chance and gave him another month to participate in treatment.

In view of this record, we find no abuse of discretion. By the time the trial court revoked Mr. Zuvela's SSOSA, he had been given three chances to comply with the conditions of his sentence. If Mr. Zuvela's last violation had been unforeseeably innocuous and the court refused to take that into consideration, Mr. Zuvela might have a point. But the final violation was the type of violation that the court foresaw, and that it warned Mr. Zuvela would result in revocation. And at the final hearing, the court listened to arguments from the State and the defense, as well as Mr. Zuvela individually. The court could have exercised discretion and terminated the SSOSA at the first revocation hearing, the second, or the third. The fact that it had exercised its discretion to reach a conclusion by the time of the third revocation hearing that it adhered to at the fourth does not demonstrate a failure to exercise discretion, it reflects the patient exercise of discretion and a forthright warning to Mr. Zuvela of the court's intention if there was a future violation.

7

Nevertheless, Mr. Zuvela maintains that the court abused its discretion because his violations did not involve any victims and were not sexual in nature. He compares the facts of his case to other cases in support of his argument that the revocation was unreasonable because "the public safety concerns . . . are incomparable [to the other cases]." Appellant's Br. at 15. However, this is not the standard for assessing whether a decision is manifestly unreasonable. We look for any tenable basis in the record to support the decision.

Here, the trial court did not categorically refuse to consider a sentence or refuse to exercise its discretion. Despite Mr. Zuvela's chronic drug use and repeated violations of his sentence conditions, the court continued to give him chances. Despite these chances, Mr. Zuvela continued to use methamphetamine, which seriously compromised his treatment. Dr. Cross explained how Mr. Zuvela's chronic drug abuse affected his sex offender treatment:

> If somebody is not participating or not there, they are obviously not getting
> the benefit of being involved in treatment, being able to address those
> issues, things of that sort. And when somebody is using substances, they
> are not using their rational thinking and good decision–making, and placing
> them at higher risk.

RP at 168.

No. 32563-6-III
*State v. Zuvela*

On these facts, the court's ultimate decision to revoke the SSOSA was not an abuse of discretion.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Siddoway, C.J.

WE CONCUR:

Fearing, J.

Lawrence-Berrey, J.